IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                                 No. CR 08-2499 JB

FELIPE CHAVEZ-RODARTE,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion for Variance from Advisory Sentencing Guidelines, filed March 31, 2009 (Doc. 19). The Court held a sentencing hearing on April 21, 2010. The primary issue is whether the Court should vary from the advisory guideline range that is set forth in the Presentence Investigation Report ("PSR"). Defendant Felipe Chavez-Rodarte's criminal history category of III and his offense level of 21 combine to give a guideline sentencing range of 46 to 57 months. Because the Court believes that the advisory guideline range is slightly higher than is necessary to reflect the factors in 18 U.S.C. § 3553(a), the Court will vary some from the guideline range. Because Chavez-Rodarte has committed multiple drug-trafficking crimes and does not appear to be getting the message that people who commit such crimes are not welcome in the United States, the Court will not vary as much as he requests.

## PROCEDURAL BACKGROUND

On October 29, 2008, pursuant to the United States Attorney's Fast-Track program, Chavez-Rodarte pled guilty to an Information charging him with a violation of 8 U.S.C. § 1326(a) and (b), that being re-entry of a removed alien. According to the first PSR, Chavez-Rodarte's final adjusted

offense level was 18.  See Presentence Investigation Report ¶ 19, at 5 (disclosed December 9, 2008)("First PSR").  This calculation reflected a 3-level reduction for acceptance of responsibility and an additional 3-level reduction pursuant to the United States Attorney's Fast Track program.  See First PSR ¶ 17, at 5.  Also at that time, the United States Probation Office ("UPSO") calculated Chavez-Rodarte's criminal history category to be III.  See id. ¶ 23, at 7.  The combination of an offense level of 18 and a criminal history category of III yielded a guideline imprisonment range of 33 to 41 months.

On March 31, 2009, Chavez-Rodarte filed a motion requesting a variance to a sentence below the advisory guideline range.  See Motion for Variance from Advisory Sentencing Guidelines, filed March 31, 2009 (Doc. 19).  In response to that motion, the United States moved to have the plea agreement set aside.  See Motion to Set Aside Plea Agreement, filed April 6, 2009 (Doc. 20).  After a hearing held June 5, 2009, the Court granted the United States' motion and set aside the plea agreement.  See Order, filed June 11, 2009 (Doc. 27).  At that time, Chavez-Rodarte withdrew his guilty plea, but he pled guilty again, without the benefit of a plea agreement, on June 23, 2009.  See Plea Minute Sheet Before the Honorable Richard L. Puglisi, Chief United States Magistrate Judge, filed June 23, 2009 (Doc. 31).

In light of these events, the USPO produced a second PSR for Chavez-Rodarte.  See Presentence Investigation Report (disclosed July 14, 2009)("Second PSR").  According to the second PSR, without the fast-track plea agreement's benefits, Chavez-Rodarte's total offense level is 21, see Second PSR ¶ 20, at 5, and his criminal history category is III, see Second PSR ¶ 24, at 7.  A criminal history category of III and an offense level of 21 results in a guideline imprisonment range of 46 to 57 months.

Chavez-Rodarte's motion argues in favor of a variance to a sentence below the guideline

imprisonment range. The primary thrust of his request is that, while Chavez-Rodarte did commit prior crimes, he served his sentences for those crimes concurrently, and completed his period of imprisonment and parole without incident. See Motion at 2-3. He asserts that the only crime he committed this time was re-entering the United States. See id. at 3. He thus argues that a proper balancing of the factors set forth in 18 U.S.C. § 3553(a) should lead the Court to conclude that a sentence below the range of 33 to 41 months is appropriate in this case.[1] See Motion at 4-6. The United States opposes this request, arguing that there is nothing about Chavez-Rodarte's case that takes it outside the heartland of cases or otherwise warrants a variance. See United States' Response to Defendant's Motion for Variance from Advisory Sentencing Guidelines, filed April 6, 2009 (Doc. 21).

At the hearing, Roberto Albertorio, Chavez-Rodarte's attorney, represented that he still stands behind the arguments made in his motion for a variance. See Transcript of Hearing at 4:9-19 (taken April 21, 2010)("Tr.")(Albertorio).[2] Chavez-Rodarte, in his allocution to the Court, explained that his family, although currently residing in the United States, will be traveling with Chavez-Rodarte to Mexico after he completes his prison term. See Tr. at 7:23-8:13 (Court, Chavez-Rodarte). Assistant United States Attorney Lynn Wang argued that the United States opposes a variance and requests that the Court sentence Chavez-Rodarte to 46 months, a sentence at the bottom of the advisory guideline range. See Tr. at 9:11-11:8 (Court, Wang).

---

[1] His argument does not propose a specific sentence that he wants the Court to impose. Moreover, because he filed his motion before the United States withdrew from its fast-track plea agreement, the motion is written under the belief that the guideline imprisonment range was 33 to 41 months, whereas the second PSR presents a guideline range of 46 to 57 months.

[2] The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

**RELEVANT LAW REGARDING VARIANCES
FROM THE SENTENCING GUIDELINES**

After <u>United States v. Booker</u>, 543 U.S. 220 (2005), the sentencing guideline ranges are now advisory[3] and are one of several factors set out in 18 U.S.C. § 3553(a). Although appellate courts are allowed to assume that within-guidelines sentences are reasonable, subject to rebuttal, see <u>Gall v. United States</u>, 552 U.S. 38, 50-51 (2007), the Supreme Court of the United States has made it clear that no presumption of reasonableness attaches at the district court level to the sentence the Guidelines suggest, see <u>Gall v. United States</u>, 552 U.S. at 50 (sentencing judge "may not presume that the Guidelines range is reasonable"); <u>Rita v. United States</u>, 551 U.S. 338, 351 (2007)("In determining the merits of [the parties'] arguments, the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply.").

Congress has directed sentencing courts to impose a sentence "sufficient, but not greater than necessary" to comply with four statutorily defined purposes enumerated in 18 U.S.C. § 3553(a)(2):

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

---

[3] Attorneys and courts often say that the "guidelines" are advisory, but it appears more appropriate to say that the guideline ranges are advisory. See <u>Gall v. United States</u>, 522 U.S. at 46 ("As a result of our decision [in <u>United States v. Booker</u>], the <u>Guidelines</u> are now advisory[.]")(emphasis added); <u>United States v. Leroy</u>, 298 Fed. Appx. 711, 712 (10th Cir, 2008) ("[T]he Guidelines are advisory, not mandatory."); <u>United States v. Sells</u>, 541 F.3d 1227, 1237 (10th Cir. 2008)("[T]he sentence ultimately imposed by the district court was based on a correctly calculated Guidelines range, a stated consideration of the § 3553(a) factors, and an understanding that the Guidelines are advisory."). The Court must consider the guidelines, see <u>Gall v. United States</u>, 522 U.S. at 46 ("It is . . . clear that a district judge must give serious consideration to the extent of any departure from the Guidelines[.]"), and must accurately calculate the guideline range, see <u>id.</u> at 49 ("[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."). The Court is not mandated, however, to apply a sentence within the calculated guideline range. See <u>United States v. Sierra-Castillo</u>, 405 F.3d 932, 936 n.2 (10th Cir. 2005) ("[D]istrict courts post-<u>Booker</u> have discretion to assign sentences outside of the Guidelines-authorized range[.]").

>   (B) to afford adequate deterrence to criminal conduct;
>
>   (C) to protect the public from further crimes of the defendant; and
>
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a)(2)(A)-(D).  Section 3553(a) also directs sentencing courts to consider: (i) the nature of the offense and the defendant's character; (ii) the available sentences; (iii) the Sentencing Guidelines and policy statements that the Sentencing Commission has promulgated; (iv) a policy favoring uniformity in sentences for defendants who commit similar crimes; and (v) the need to provide restitution to victims.  See 18 U.S.C. § 3553(a)(1), (3)-(7).

## ANALYSIS

The Court notes that Chavez-Rodarte unlawfully reentered the United States after having been previously deported following a felony drug trafficking conviction.  For this crime, Chavez-Rodarte's criminal history category of III and his offense level of 21 combine to give a guideline sentencing range of 46 to 57 months.  Chavez-Rodarte argues that the sentencing factors and purposes of punishment justify a variance to a sentence below the advisory guideline range.  Based on the arguments in his motion, it appears Chavez-Rodarte would like a sentence of less than 33 months.  The United States opposes any variance and argues that a sentence at the low end of the advisory guideline range is appropriate.  The Court finds that some variance is appropriate, but not as large a variance as Chavez-Rodarte seeks.  The Court will thus sentence Chavez-Rodarte to a term of 37 months in the custody of the Bureau of Prisons.

In arriving at its sentence, the Court has carefully considered the guidelines, but it has also taken account of other sentencing goals.  Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable

category of defendant. After carefully considering Chavez-Rodarte's situation, the briefs that were filed, and the PSRs, the Court concludes that the punishment set forth in the guidelines is not appropriate for this sort of offense.

Chavez-Rodarte's drug-trafficking offenses are old, and there does not appear to be any recent criminal history. He stayed out of the country from the time he was deported in December of 2000 until he returned on or about August 24, 2008. The Court believes that Chavez-Rodarte had some problems when he was in his early 20's, but appears to have straightened out. The Court is often concerned in such cases, where an alien commits a crime in his or her youth, is deported, and then returns much later with no indication that he or she has committed any crime other than the one that prompted the initial deportation. When the defendant in such cases is picked up for illegal re-entry, he or she often receives a substantial sentence for what is, in the absence of that criminal history, a relatively less severe, non-violent infraction. In such cases -- and this case appears to be one -- a guideline sentence may be inappropriate.

The Court has considered the kinds of sentences and ranges that the guidelines establish. The Court is concerned that a guideline sentence is excessive for Chavez-Rodarte, but the Court likewise does not think a time-served or 33-month sentence is appropriate. The Court believes the sentence must be higher than time-served. The Court has some concerns about deterrence, given that Chavez-Rodarte spent many years in prison and still violated the United States laws by illegally re-entering the country. A time-served sentence would be unlikely to impress upon him the fact that he cannot violate United States laws -- either by drug trafficking or by unlawfully coming back into the United States -- without significant repercussions. The Court thus believes that a variance commensurate with a 2-level downward departure is appropriate here. An offense level of 19 and a criminal history category of III provides a guideline imprisonment range of 37 to 46 months.

A sentence of 37 months is appropriate. It is more than he served in the past on two drug trafficking charges, but it takes the sentence out of the high 40's and reflects that Chavez-Rodarte's prior crimes may have been committed when he was young and immature. A 37-month sentence reflects the seriousness of this offense, which is illegal re-entry, but also reflects that the offense did not involve any violence or harm to any specific individual. The sentence is sufficient to promote respect for the law. The Court also believes that it provides a more just punishment than a guideline sentence. Although the Court has some concerns about deterrence given Chavez-Rodarte's family in Milwaukee, Wisconsin, the Court finds that the sentence is long enough to protect the public and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a).

While it is not the Court's task, as a district court, to come up with a reasonable sentence -- rather, it is the Court's job to come up with a sentence that reflects the factors in 18 U.S.C. § 3553(a) -- the Court thinks a 37-month sentence is more reasonable than one within the guideline range. Moreover, the Court finds that the 37-month sentence is sufficient without being greater than is necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act. The Court thus sentences Chavez-Rodarte to a term of 37 months in the custody of the Bureau of Prisons.

**IT IS ORDERED** that the Defendant's Motion for Variance from Advisory Sentencing Guidelines is granted in part and denied in part. Defendant Felipe Chavez-Rodarte is sentenced to a term of 37 months in the custody of the Bureau of Prisons.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
John C. Anderson
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Roberto Albertorio
Albuquerque, New Mexico

    *Attorneys for the Defendant*