AO 245B (Rev 12/03) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **Felipe Chavez-Rodarte** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **2:08CR02499-001JB** |
| | USM Number: **45446-051** |
| | Defense Attorney: **Roberto Albertorio, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)(1)/(2) | Re-entry of a Removed Alien, 8 U.S.C. Sec. 1326(b)(2) | 08/24/2008 | |

The defendant is sentenced as specified in pages 2 through **5** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

County of Residence

**April 21, 2010**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**July 16, 2010**
Date Signed

Defendant: **Felipe Chavez-Rodarte**
Case Number: **2:08CR02499-001JB**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **37 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

**Chavez-Rodarte unlawfully reentered the United States after having been previously deported following a felony drug trafficking conviction. For this crime, Chavez-Rodarte`s offense level of 21 and criminal history category of III combine to give a guideline sentencing range of 46 to 57 months. The Court finds that some variance is appropriate in this case. The Court will thus sentence Chavez-Rodarte to a term of 37 months in the custody of the Bureau of Prisons.**

**In arriving at its sentence, the Court has carefully considered the guidelines, but it has also taken account of other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After carefully considering Chavez-Rodarte`s situation, the briefs that were filed, and the two Presentence Investigation Reports that the United States Probation Office disclosed, the Court concludes that the punishment set forth in the guidelines is not appropriate for this sort of offense.**

**Chavez-Rodarte`s drug-trafficking offenses are old, and there does not appear to be any recent criminal history. He stayed out of the country from the time he was deported in December of 2000 until he returned on or about August 24, 2008. The Court believes that Chavez-Rodarte had some problems when he was in his early 20`s, but appears to have straightened out. The Court is often concerned in such cases, where an alien commits a crime in his or her youth, is deported, and then returns much later with no indication that he or she has committed any crime other than the one that prompted the initial deportation. When the defendant in such cases is picked up for illegal re-entry, he or she often receives a substantial sentence for what is, in the absence of that criminal history, a substantially less serious infraction. In such cases -- and this case appears to be one -- a guideline sentence may be inappropriate.**

**The Court has considered the kinds of sentences and ranges that the guidelines establish. The Court is concerned that a guideline sentence is excessive for Chavez-Rodarte, but the Court likewise does not think a time-served sentence is appropriate. The Court believes the sentence must be higher than time-served. The Court has some concerns about deterrence, given that Chavez-Rodarte spent many years in prison and still violated the United States laws by illegally re-entering the country. A time-served sentence would be unlikely to impress upon him the fact that he cannot violate United States laws -- either by drug trafficking or by unlawfully coming back into the United States -- without significant repercussions. The Court thus believes that a variance commensurate with a two-level downward departure is appropriate here.**

**A sentence of 37 months is appropriate here. It is more than he served in the past on two drug trafficking charges, but it takes the sentence out of the high 40`s and reflects the fact that those crimes may have been committed when he was young and immature. A 37-month sentence reflects the seriousness of this offense, which is illegal re-entry, but also reflects that the offense did not involve any violence or harm to any specific individual. The sentence is sufficient to promote respect for the law. The Court also believes that it provides a more just punishment than a guideline sentence. And, although the Court has some concerns about deterrence given Chavez-Rodarte`s family in Milwaukee, the Court finds that the sentence is long enough to protect the public and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a).**

**And, while it is not the Court`s task, as a district court, to come up with a reasonable sentence -- rather, it is the Court`s job to come up with a sentence that reflects the factors in 18 U.S.C. § 3553(a) -- the Court thinks this sentence is more reasonable than a sentence within the guideline range. More importantly, the Court finds that the 37-month sentence is sufficient without being greater than is necessary to comply with the purposes of punishment that Congress set forth in the Sentencing Reform Act. The Court thus sentences Chavez-Rodarte to a term of 37 months in the custody of the Bureau of Prisons.**

☐    The court makes these recommendations to the Bureau of Prisons:

☒    The defendant is remanded to the custody of the United States Marshal.
☐    The defendant must surrender to the United States Marshal for this district:
      ☐    at  on
      ☐    as notified by the United States Marshal.
☐    The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
      ☐    before 2 p.m. on
      ☐    as notified by the United States Marshal
      ☐    as notified by the Probation or Pretrial Service Office.

## RETURN

I have executed this judgment by:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

                                                 UNITED STATES MARSHAL

                                                 Deputy United States Marshal

Defendant: **Felipe Chavez-Rodarte**
Case Number: **2:08CR02499-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years unsupervised**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.)
☒ The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable).
☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Felipe Chavez-Rodarte**
Case Number: **2:08CR02499-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

Defendant: **Felipe Chavez-Rodarte**
Case Number: **2:08CR02499-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A  ☒  In full immediately; or

B  ☐  $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.